**POSTED ON WEBSITE**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br>NADIA ZHIRY,<br><br>          Debtor. | Case No. 21-22759-A-7 |
| GERARD F. KEENA II, RECEIVER,<br>          Plaintiff,<br>     v.<br>NADIA ZHIRY,<br>          Defendant. | Adv. No. 22-2011-A<br><br>**MEMORANDUM** |

Argued and submitted on March 8, 2023

at Sacramento, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances:   Kirk Rimmer for plaintiff Gerald F. Keena II; Peter G. Macaluso for defendant Nadia Zhiry

11 United States Code 523(a)(7) excepts from discharge a debt "for a fine, penalty, or forfeiture" that is "payable to and for the benefit of a governmental unit." The state court appointed plaintiff Keena receiver over defendant Zhiry's property, which is a public nuisance. California law allows Keena is entitled to recover from Zhiry fees for services rendered and costs incurred. Is Keena entitled to except his debt from discharge?

**I.  FACTS**

Nadia Zhiry ("Zhiry") owns real property located at 1039 and 1049 Claire Avenue, Sacramento. Apparently, the property is dilapidated. So much so that the city deemed it a public nuisance.

The City of Sacramento brought suit against Zhiry in Sacramento County Superior Court. *City of Sacramento v. Zhiry*, No. 34-2017-00208154 (Sacramento County Superior Court 2017). Zhiry stipulated to judgment and a permanent injunction. When she failed to address and/or rectify the problem, the City of Sacramento sought the appointment of a receiver, Cal. Health & Safety Code § 17980.7(c), and the Superior Court appointed Gerald F. Keena.

Keena commenced work to clean up Zhiry's properties, but before he could complete his task, Zhiry filed a Chapter 7 bankruptcy. Doing so ousted Keena from his duties. But it did not do so before he incurred fees and costs (including attorney's fees) of $87,217. Keena would like those back.

**II.  PROCEDURE**

This is an action to determine the dischargeability of a particular debt, i.e., Keena's fees and costs incurred in the abatement of a public nuisance on Zhiry's real property. *Compare* Fed. R. Bankr. P. 4007(a) (complaints to "determine the dischareabilty of

2

any debt") with Rule 4007(b) ("actions to perfects rights as to 11 U.S.C. § 523(a)(2),(a)(4),(a)(6)).  Keena contends that as a receiver, authorized by provisions of California's Health and Safety Code and appointed by the state court, he is entitled to except from discharge Zhiry's debts to him for cleanup of her property as they are excepted from discharge as a "fine, penalty, or forfeiture" that is "payable to and for the benefit of a governmental unit."  Zhiry admits the underlying facts but denies that her debt to Keena qualifies for exception under 523(a)(7).

**III.  JURISDICTION**

This court has jurisdiction.  28 U.S.C. §§ 1334(a)-(b), 157(b); see also General Order No. 182 of the Eastern District of California.  Jurisdiction is core.  28 U.S.C. § 157(b)(2)(I).  All parties have consented to entry of final orders and judgments.  28 U.S.C. § 157(b)(3); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S.Ct. 1932, 1945-46 (2015); Scheduling Order 2.0, ECF No. 12.

**IV.  LAW**

   **A.  Section 523(a)(7)**

In most instances, Chapter 7 debtors are entitled to the forgiveness—in bankruptcy parlance, discharge--of their pre-petition debts.  11 U.S.C. 727.  Some debts are excepted from discharge.  11 U.S.C. 523(a).  Of those debts that are excepted, some are excepted from discharge as a matter of law, e.g., 11 U.S.C. § 523(a)(5) (domestic support obligations) and other debts are excepted only if a creditor files a timely adversary proceeding and proves the existence of specified bad acts.  11 U.S.C. § 523(a)(2) (fraud).

In some instances, knowing whether the debt held by the creditor is excepted from discharge—even those excepted as matter of law, e.g.,

3

1. 11 U.S.C. § 523(a)(3)(A) (unscheduled debts are excepted from discharge "unless such [unscheduled creditor had notice or actual knowledge of the case"), is difficult. The penalties for guessing incorrectly and then attempting to collect a discharged debt are severe. *In re Roth*, 935 F.3d 1270, 1275 (11th Cir. 2019) (contempt); *Walls v. Wells Fargo Bank*, N.A., 276 F.3d 502, 507 (9th Cir. 2002) (same).

Mercifully, the rules provide creditors, who are uncertain as to the applicability of the discharge as to their particular debt, a mechanism to resolve the question prior to seeking to collect a debt. Rule 4007(a) provides: "A debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt." Fed. R. Bankr. P. 4007(a). Such an action may be filed "at any time." Fed. R. Bankr. P. 4007(b).

Section 523(a)(7) is a debt excepted as a matter of law; it is a deceptively simple appearing provision. It provides:

> A discharge under section 727, 1141, 11921 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> ...
>
> to the extent such debt is for a *fine, penalty, or forfeiture payable to and for the benefit of a governmental unit*, and is not compensation for actual pecuniary loss, other than a tax penalty--
>
> (A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or
>
> (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition.

11 U.S.C. 523(a)(7).

Section 523(a)(7) has four elements: "[t]he debt must (1) be a fine, penalty, or forfeiture, (2) be payable to a governmental unit;

4

(3) be payable for the benefit of a governmental unit, and (4) not be compensation for actual pecuniary loss." *In re McDowell*, 415 B.R. 612, 617 (Bankr. S.D. Fla. 2008), cited with approval by *Medina v. Vander Poel*, 523 B.R. 820, 824 (E.D. Cal. 2015).

"Governmental unit" is a defined term: "The term "governmental unit" means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government." 11 U.S.C. § 101(27).

Courts have struggled with the application of § 523(a)(7) where the plaintiff who seeks to enforce a debt is not the governmental unit itself, but a third-party purporting to act on the government's behalf and with its blessing. *Medina v. Vander Poel*, 523 B.R. 820 (E.D. Cal. 2015) (qui tam plaintiff's enforcing state labor law penalties); *In re Stevens*, 184 B.R. 584 (Bankr. D. Idaho 1995) (collection agent acting on behalf of the county was entitled to enforce parking and traffic fines); *In re Sanders*, 589 B.R. 874, 880 n. 4 (Bankr. W.D. Wash. 2018) (collection agency); *contra*, *In re Dickerson*, 510 B.R. 289, 301 (Bankr. D. Idaho 2014) (debt collector).

**B.　State Court Receivers**

Public entities, e.g., cities and counties, regularly address distressed real estate by virtue of the nuisance laws. A public entity has three avenues to address a public nuisance: (1) criminal proceedings; (2) a civil action (including the appointment of a receiver); and (3) abatement proceedings. Cal. Civ. Code. § 3491; 6 Miller & Starr, *California Real Estate*, Landowner's Liability § 19:29

(4th ed. December 2022).

If a public entity brings a civil action, after judgment, it may seek the appointment of a receiver. Cal. Health & Safety Code § 17980.7(c); *City & Cnty. of San Francisco v. Daley*, 16 Cal. App. 4th 734, 744-745 (1993). The rights and duties of a receiver are specified by law. Cal. Health & Safety Code § 17980.7. The receiver has the right to remediate the nuisance. Cal. Health & Safety Code § 17980.7(c)(4). In exchange, the receiver is entitled to "fees, commissions, and necessary expenses." Cal. Health & Safety Code § 17980.7(c)(5). Those fees and expenses may be secured by a lien against the subject property, Cal. Health & Safety Code § 17980.7(a)(4)(G), and may be surcharged the owner of the property. Cal. Health & Safety Code § 17980.7(c)(15).

**V.　DISCUSSION**

Because Keena is unable to satisfy other portions of the statute, the court need not decide whether a receiver, acting on behalf of a governmental unit, may avail itself of the protections of § 523(a)(7).

**A.　Issue Preclusion**

Issue preclusion applies to actions to except a debt from discharge under 11 U.S.C. § 523. *In re Comer*, 723 F.2d 737, 740 (9th Cir. 1984). Because the underlying judgment was rendered in federal court, federal common law provides the contours of issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). The party asserting its applicability has the burden of proving each of its elements. *Id.* at 907; *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855 (9th Cir. 2016). "Reasonable doubts about what was decided in a prior judgment are resolved against applying issue preclusion." *In re Frye*, No. ADV.LA 07-01150-BB, 2008 WL 8444822, at *4 (B.A.P. 9th Cir. Aug. 19,

6

2008), citing *Lopez v. Emergency Serv. Restoration, Inc. (In re Lopez)*, 367 B.R. 99, 107-08 (9th Cir. BAP 2007).

The elements of federal issue preclusion are well-known:

> (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits.

*Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019), citing *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012), as amended (May 3, 2012); *see also Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017).

Keena points to a stipulated judgment of non-dischargeability in the amount of $58,500 under § 523(a)(7) between City of Sacramento and defendant Zhiry in a related adversary proceeding. Stipulation & Judgment, *The City of Sacramento v. Zhiry*, No. 22-2013 (Bankr. E.D. Cal. 2022), ECF Nos. 22-23.[1]  There are two problems.  First, the plaintiff has not proven, and probably cannot prove, issue identicality.  Here, the receiver seeks to recover statutorily authorized fees and costs.  Cal. Healthy & Safety Code § 17980.7(c)(5).  The City of Sacramento sought to except a debt as a penalty, 11 U.S.C. § 523(a)(7), but it did not seek to recover receiver's fees and costs.  Therefore, identity of issues does not exist.

Second, there is an insufficient showing that the issue was actually litigated:

> Ordinarily, stipulated or consent judgments are not entitled to preclusive effect because there was no actual litigation. *In re Berr*, 172 B.R. at

---

[1] The court takes judicial notice of the Stipulation for Entry of Nondischargeable Judgment.  Fed. R. Evid. 201.

> 306. However, the actual litigation requirement may be satisfied when there is substantial participation in an adversary contest in which the party is afforded a reasonable opportunity to defend himself on the merits but chooses not to do so. *In re Daily*, 47 F.3d 365, 368 (9th Cir.1995).

In re Bowen, 198 B.R. 551, 556 (B.A.P. 9th Cir. 1996).

Here, there is no showing of substantial participation. For these reasons, there has been an insufficient showing as to the applicability of issue preclusion or at least reasonable doubt as to its applicability exits.

**B. On the Merits**

**1. Fines, Penalties and Forfeitures**

The debt must be penal, not compensatory. *In re Scheer*, 819 F.3d 1206, 1211 (9th Cir. 2016) (refund of attorney's fees); *Matter of Towners*, 162 F.3d 952, 953 (7th Cir. 1998) (investigative costs for civil fraud discharged).

*In re Schaffer*, 515 F.3d 424 (5th Cir.2008), the court considered an adversary proceeding very similar to this one. There, the Louisiana State Board of Dentistry brought a disciplinary action against a dentist. After a hearing, the Board of Dentistry found that the dentist had "acted contrary to prevailing acceptable dental standards and exhibited dental incompetence." p. 426. After revoking the dentist's license, it assessed costs against him in the amount of $217,852. Those costs were for expenses of the investigation, attorneys' fees, and costs of hotel, as well as meals, of committee members during the license revocation hearing. The dentist filed Chapter 7 bankruptcy and an adversary proceeding, apparently under Rule 4007(a), followed. The bankruptcy court held the costs nondischargeable, 11 U.S.C. § 523(a)(7), and the District Court

affirmed. The Fifth Circuit reversed, holding that investigative costs were compensatory, not punitive. It stated:

> Yet there is a crucial distinction. The parish court, in entering the Board's order revoking Schaffer's license and assessing costs, did not order restitution to the Board or to anyone else. It ordered the payment of costs for the expenses of the civil administrative proceeding—the hotel and meal expenses of the committee appointed by the Board to hear Schaffer's case, among other expenses. *The costs assessed are, at their core, "compensation for actual pecuniary loss"—in this case, the losses to the Board caused by the cost of the proceeding.* It does not appear to us, looking to the language of the Louisiana statute and the Board's order, that the Board assessed costs "to promote law enforcement by deterrence as well as by compensation." *Rather, it assessed costs to repay some of the Boards' expenses incurred in the proceeding*, such as those listed in the statute—stenographers' and attorneys' and investigative fees, as well as the daily expenses of the members of the committee appointed by the Board to hear this matter.

*Id.* at 433 (emphasis added).

This case is no different than *Schaffer*. The fees and costs were authorized by California Health & Safety Code § 17980.7(c)(5), which authorized the receiver to recover "fees" and "necessary expenses." There is no indication that the state legislature intended these fees and costs to be anything other than paying the receiver for the necessary costs of doing business.

While argument might be interposed that the City of Sacramento benefits by shifting the costs of remediation to the landowner that, alone, does not make these fees and costs penal in nature. Moreover, the *Kelly* line of cases, excepting restitution from discharge under 11 U.S.C. § 523(a)(7), has been limited to criminal proceedings. *Kelly v. Robinson*, 479 U.S. 36 (1986). So, fees and costs due Keena cannot be justified as a restitution paid to a third party.

9

Finally, aside from the ipse dixit assertion, the fees and costs "are to be considered a fine, penalty, or forfeiture," Pl. Trial Br. 5:17-1, ECF No. 29, the plaintiffs have not directed this court to any authority for the proposition that § 17980.7(c)(5) is anything other than compensatory.

**2. To and for the Benefit of a Governmental Unit**

Finally, the debt must be "to and for the benefit" of the government. 11 U.S.C. § 523(a)(7); *Matter of Towers*, 162 F.3d 952, 955 (7th Cir. 1998) (penalty payable to the Attorney General of Illinois but "for the benefit of the victims" of the defendant's fraud was insufficient).

One particular case is instructive. *Hughes v. Sanders*, 469 F.3d 475 (6th Cir. 2006). There, Sanders (an attorney) represented Hughes in an employment action against Ford Motor Company, apparently unsuccessfully. Hughes then sued Sanders for malpractice; after Sanders violated numerous court orders, the District Court struck his answer and entered his default. The default judgment was for $894,316 for lost wages and interest; $143,602 for attorneys fees and costs in the underlying case; and $25,873 for attorney's fees and costs in the malpractice case. Sanders filed a Chapter 7 bankruptcy and Hughes brought an action under § 523(a)(7). Sanders moved to dismiss the complaint in the adversary proceeding. Fed. R. Bankr. P. 12(b)(6). The District Court dismissed the adversary proceeding and the Sixth Circuit affirmed the dismissal, finding it was payable to Hughes and was compensatory in nature. The court stated:

> Under the plain language of 11 U.S.C. § 523(a)(7), Hughes cannot prevail unless he can show both that the penalty owed by Sanders is payable to and for the benefit of a governmental unit. Here, he can show neither. *It is undisputed*

> *that the penalty is payable to Hughes.* And it is undisputed that the judgment is for an amount calculated to compensate Hughes for damages, attorney's fees and costs claimed in and arising out of the malpractice action. He therefore has not stated and cannot state a claim for which relief can be granted.

*Id.* at 479 (emphasis added).

Even if Keena could show that his own fees and expenses are penal, rather than compensatory, the fact that they are paid directly to him and for his ultimate benefit defeats any rights under § 523(a)(7).

**VI.　CONCLUSION**

For each of the reasons set forth herein, judgment shall be for defendant Nadia Zhiry.

Dated: March 14, 2023

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Fredrick E. Clement
　　　　　　　　　　　　　　　　United States Bankruptcy Judge

11

# Instructions to Clerk of Court

### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Attorneys for the Plaintiff**(s) | **Attorneys for the Defendant**(s) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | **Office of the U.S. Trustee**<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA  95814 |